IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ANDREW BARKSDALE**                                                                 **PLAINTIFF**

**VS.**                                                **CIVIL ACTION: 1:17cv108-LG-RHW**

**RON WOODALL,** *et al.*                                                         **DEFENDANTS**

**REPORT AND RECOMMENDATION**

On April 12, 2017, Andrew Barksdale filed this *pro se* prisoner civil rights case under 42 U.S.C. § 1983.  The docket reflects, and the undersigned finds, that the case was first set for screening/omnibus hearing on August 31, 2017 [25], reset to November 16, 2017 [29]; and reset on Plaintiff's motion to February 28, 2018.  Mr. Barksdale failed to appear for the hearing in February, and the undersigned entered a Report and Recommendation (R&R) that the case be dismissed.  On March 4, 2018, he objected to the R&R, stating he had a medical problem which prevented him from attending the hearing and requesting a new hearing date.  [47], [48]  "Out of an abundance of caution," the undersigned withdrew the first R&R and reset the matter for hearing today, July 16, 2018.

The docket further reflects that the Court mailed Mr. Barksdale notice of each of the four settings at his docket address.  According to his November 6, 2017 notice of change of address, Mr. Barksdale had been released from prison, and his new address was:  216 Herman Vaughn Rd., Steen, MS 39766, which remains his docket address as of the date of this Report and Recommendation.  [37]  No mail sent to him at that address has been returned undeliverable, including the notice of today's hearing which was mailed to him on April 2, 2018.  [50]  Since that time, Mr. Barksdale has had no contact with the Court until Monday, July 9, 2018, when he filed a motion to continue the hearing set for July 19, 2018 (*sic*) because he has a doctor's

appointment on Friday, July 20, 2018. [52] The Court denied that motion on July 10, 2018, advising Mr. Barksdale the hearing was set for "Monday, **July 16, 2018**," not July 19. The Order plainly stated, "the matter will proceed on **July 16, 2018**," and concluded, "**Plaintiff is warned that should he fail to appear for the hearing, the undersigned will recommend dismissal of this case.**" [53] (emphasis in original) The Court mailed a copy of the order to Mr. Barksdale on July 10, 2018.

Since he filed this lawsuit, Mr. Barksdale has been repeatedly warned that failure to comply with any order of the Court might result in dismissal of his lawsuit. See Orders [3], [4], [7] and [8]. He was expressly warned in Order [53] that if he failed to appear for the hearing today, dismissal would be recommended. The undersigned waited some forty minutes past the scheduled time for the hearing, but, knowing the consequences, Mr. Barksdale failed to appear as ordered. The undersigned called his name three times in the courtroom and received no response. Deputy Clerk Ryan went into the hallway outside the courtroom and called his name three times and received no response. Defendants' Attorneys Stevie F. Rushing and J. Chadwick Williams, both of Jackson, MS, were present for the hearing at the appointed time, and remained until Court adjourned well-after the scheduled hearing time.

## RECOMMENDATION

The undersigned recommends that this case be dismissed due to Plaintiff's failure to comply with the Court's orders and to appear for the hearing on July 16, 2018.

## NOTICE OF RIGHT TO APPEAL/OBJECT

A party has 14 days after service of a copy of this Report and Recommendation to serve and file with the Clerk any written objections to it. *L.U.Civ.R.* 72(a)(3). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. Responses to

objections must be filed within seven days after service, or the opposing party must notify the District Judge that he does not intend to respond.  One who fails to timely file written objections is barred, except on grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 16th day of July, 2018.

/s/ Robert H. Walker
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE